### RUFUS CARLEY *vs.* GEORGE GREEN.

If a husband and wife who live in another state separate by mutual consent in order that she may come to live with her relatives in this commonwealth, without estrangement of feeling between him and her, and without any agreement as to how long such separation should continue, and he delivers to her a promissory note against a third person, saying, "You will need something, but I have not got any money," and she dies without collect- ing the note, the title to the note remains in him; and it is immaterial that she incurred expenses here for her support, provided he has never refused or been asked to pay the same.

TORT for the conversion of a promissory note of $290, made by Waters Gillett, and payable to the plaintiff or bearer. The

defence was that the plaintiff had given the note to his wife, now deceased, and that it belonged to her estate.

The following facts were agreed in the superior court: The plaintiff has always been a citizen of Vermont, and since 1852 has never been in Massachusetts. In that year he married his last wife, Lydia Carley, and they lived together in Vermont till 1863. Each of them had children living by a former marriage. In 1863 they agreed together that the plaintiff might reside with his children in Vermont, and that she might go to reside with her children in Massachusetts. This arrangement was amicably entered into, and nothing was said as to how long it should continue. He was then, and from that time, possessed of real and personal estate to the amount of about $2500. When she left, he said to her, " You will need something, but I have not got any money;" and handed to her the note in controversy and another one, both of which were his. She took them and her apparel, and came to reside with the defendant, who was her son, in Charlestown, Massachusetts; and after living with him about nine months she died, leaving this note among the effects which she brought with her from her husband, without having used or disposed of the same. During her residence in Charlestown, she and the plaintiff heard from and kept up their interest in each other, and were not estranged in feeling or regard. She during that time lived with the defendant, who boarded her and furnished her with sundry small articles of clothing, and paid her funeral expenses. The defendant has never received or asked for payment therefor, from the plaintiff. Before the commencement of this action, the plaintiff demanded the note of the defendant, who admitted that he had it, but refused to give it up, claiming that it belonged to the heirs or legal representatives of said Lydia. Since the commencement of the action, the defendant has been appointed administrator of her estate in this commonwealth.

It was agreed that the court might draw such inferences as a jury might; and *Brigham,* J. ruled that the plaintiff was not entitled to recover. The plaintiff alleged exceptions.

*C. Robinson, Jr.,* for the plaintiff. There is no statute of

Vermont which affects this case.  *Sweat* v. *Hall*, 8 Verm. 187
The property of a husband in the possession of his wife is in his
possession.  2 Kent Com. (6th ed.) 136.  If he had died first,
the note would have belonged to the administrator of his estate.
*McKavlin* v. *Bresslin*, 8 Gray, 177.  *Washburn* v. *Hale*, 10 Pick.
432.  The facts did not show a desertion ; *Gregory* v. *Pierce*,
4 Met. 478 ; or a gift of the note to the wife ; *Washburn* v. *Hale*,
above cited.

*J. Q. A. Griffin*, for the defendant.  The separation having
been by mutual consent, the husband in Vermont discharged
his liability for her support during its continuance by making
over the notes to her use ; and so he sent her from him with no
power to pledge his credit, even for necessaries.  Addison on
Con. 704–5.  The principle thus asserted does not appear to be
anywhere denied.  *Mayhew* v. *Thayer*, 8 Gray, 175.  *Hodgkin-
son* v. *Fletcher*, 4 Camp. 70.  Coming to this state without her
husband, she acquired the rights and assumed the liabilities of a
*feme sole*.  Gen. Sts. *c.* 108, §§ 1, 29.  The note was given by
her husband to her.  *Jackson* v. *Parks*, 10 Cush. 550, and cases
cited.  *Fisk* v. *Cushman*, 6 Cush. 20.  The claims of her cred-
itors are paramount to those of the plaintiff.  *Allen* v. *Wilkins*,
3 Allen, 321.

GRAY, J.  The facts of this case distinguish it from all those
cited for the defendant.  The plaintiff's wife having left his
house with his consent, he was doubtless liable for the necessary
expenses of her subsequent support and funeral.  But the facts
agreed show that he has never refused or been asked to pay
those expenses, and that the defendant, when requested to give
up the note, claimed to hold it only as the property of her repre-
sentatives.  The note never was her property.  It was originally
made to the husband and not to the wife, and it is not pretended
that the original consideration for it was any property or right
of hers.  He never put it into the hands of a third person for
her use, or declared it to be her property either in her hands or
in his own.  His delivery of the note to her on her departure,
saying " You will need something," did not transfer the property
in the note to her, but only authorized her to collect it and apply

the proceeds to her support. She dying without having done so, the note never ceased to be his property, and he is entitled to it as against her administrator. There is nothing in our statutes, and no evidence before us that there is anything in the laws of Vermont, to affect the application of the common law to this case. *Judgment for the plaintiff.*